IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCKHILL DIVISION

| | |
|---|---|
| William T. Coleman, | C/A No. 0:23-3195-JFA-SVH |
| Plaintiff, | |
| v. | **ORDER** |
| Solicitor Heather Christine Burdette, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff, William T. Coleman ("Plaintiff") proceeding *pro se* and *in forma pauperis* brought this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights by Solicitor Heather Christine Burdette ("Defendant"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After a thorough review, the Magistrate Judge assigned to this action[1] issued a Report and Recommendation ("Report"). (ECF No. 7). Within the Report, the Magistrate Judge opines this Court should dismiss the Complaint (ECF No. 1) in this case without prejudice and without issuance and service of process. The Report sets forth, in detail, the

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on July 11, 2023. *Id.* The Magistrate Judge required Plaintiff to file objections by July 25, 2023. *Id.* However, Plaintiff failed to file any objections or otherwise respond. Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. DISCUSSION

Plaintiff alleges Defendant lied to Judge Griffin, a South Carolina circuit court judge, by telling him that Plaintiff did not appear at his initial appearance which resulted in Judge Griffin issuing a bench warrant for Plaintiff. (ECF No. 1 at 5-6). The Magistrate Judge recommends Plaintiff's Complaint be dismissed because Defendant is immune from any actions she took while serving as the prosecutor in Plaintiff's state criminal case. This Court finds the Report is correct as the law is well established that a prosecutor has absolute immunity for activities in or connected to judicial proceedings which includes bail or bond hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). In the absence of any objections to the Report, this Court is not required to give any explanation for adopting the Magistrate Judge's recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Therefore, this Court adopts the Report in full. (ECF No. 7).

### IV. CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Reports, this Court finds the Magistrate Judge fairly and accurately summarizes the facts and applies the correct principles of law and thus, this Court adopts the Report and dismisses this action without prejudice and without issuance and service of process. (ECF No. 7). Because this action is dismissed without prejudice, this Court also denies Plaintiff's Motion to Appoint Counsel as moot. (ECF No.11).

IT IS SO ORDERED.

August 16, 2023  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

4